FILED

JAN 23 2006

~~[signature]~~
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT PRICE, ) | CIV 06-4002-RHB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| BOB DOOLEY, Warden, ) | |
| in his official and unofficial capacity; ) | |
| and MEDICAL STAFF, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Robert Price, an inmate, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his rights were violated by a failure to properly treat his knee pain.

## DISCUSSION

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), a case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. A case may be dismissed for failure to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . .'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true[.]" Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832.

For plaintiff to prove his § 1983 claim, he must show "that the defendants were deliberately indifferent to his serious medical needs." Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). "A prison official exhibits deliberate indifference when the official actually

'knows of and disregards' a prisoner's serious medical needs." <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994)). In the instant case, plaintiff states that he has had knee pain and requested treatment. Two separate x-rays were taken; one in January and one in May. He was prescribed anti-inflammatory medication and the doctor requested physical therapy. Plaintiff now believes that an MRI should be performed and that he should be seen by an orthopedic surgeon. According to the attachments to his complaint, prison officials have consulted with the medical staff and the prison doctor is of the opinion that the pain is "all in [his] head" and that an MRI is not necessary at this time. Viewing the complaint in a light most favorable to plaintiff, the Court cannot say that defendants have been deliberately indifferent to plaintiff's serious medical needs. Furthermore, the Eighth Circuit has held that "[p]risoners do not have a constitutional right to any particular type of treatment." <u>Long v. Nix</u>, 86 F.3d 761, 765 (8th Cir. 1996). Thus, the Court finds that plaintiff fails to state a claim upon which relief may be granted.

Plaintiff also moves the Court to proceed in forma pauperis. It appears from the plaintiff's prison trust account that his current balance is $14.39. His average monthly deposits equal $68.66 and his average monthly balance equals $33.37. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly balance of the account. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff, therefore, must pay an initial partial filing fee of $13.73 (20 percent of $68.66). Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed.

IT IS FURTHER ORDERED that plaintiff's motion to proceed in forma pauperis (Docket #3) is granted.

IT IS FURTHER ORDERED that plaintiff shall make an initial partial fee payment for

docketing and filing fees in the amount of $13.73 to the clerk of this court.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee in its entirety.

IT IS FURTHER ORDERED that the Court has determined that an appeal of this matter would not be taken in good faith. As a result, plaintiff may not appeal in forma pauperis.

Dated this 23rd day of January, 2006.

BY THE COURT:

*[signature]*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE